IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL P. GONZALES and
MICHAEL CAPLAN, in his official
capacity as Bankruptcy Trustee,

    Plaintiffs,

v.                                                              No. CIV 02-1038 WJ/RLP

CITY OF SOCORRO, CITY OF
SOCORRO POLICE DEPARTMENT, and
ROBERT MILLER, individually and in
his representative capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Defendants' Motion for Summary Judgment [Docket No. 26]. Having reviewed the submissions of the parties and being otherwise fully advised, I find that the motion is not well taken and will be denied.

**BACKGROUND**

Plaintiff's First Amended Complaint alleges that his civil rights were violated during an encounter with Robert Miller of the Socorro Police Department on August 27, 2000. On November 22, 2000, Plaintiff provided written notice to the City of Socorro of Plaintiff's claims arising out of the August 2000 encounter. Nearly a year later, on October 25, 2001, Plaintiff and his wife filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court, District of New Mexico, Cause No. 7 01-17194 MA. Plaintiff did not disclose the instant claim against the Defendants for civil rights violations in his schedules and statements filed in the

Bankruptcy proceeding. On December 4, 2001, the Bankruptcy Trustee filed a Report of No Distribution and Notice of Abandonment of Assets. See Docket No. 6, Cause No. 7 01-17194 MA. On February 5, 2002, the Bankruptcy Court entered an Order discharging Plaintiff and his wife's debts. See Docket No. 7, Cause No. 7 01-17194 MA.

On August 20, 2002, Plaintiff filed a Complaint for Civil Rights Violation and Damages with this Court against the Defendants. On January 23, 2003, Defendants filed the Motion for Summary Judgment at issue here. Defendants' Motion asserts that Plaintiff is barred under the Doctrine of Judicial Estoppel from bringing his civil rights claim because he failed to disclose this claim as an asset to the Bankruptcy Court. Defendants' Motion also argued that Plaintiff lacked standing to bring the claim because the Trustee in Bankruptcy is the real party in interest.

In Response to Defendants' Motion, Plaintiff asserted that he was in the process of seeking leave of the Court to amend the First Amended Complaint to add the Bankruptcy Trustee as a co-plaintiff, and was in the process of filing a motion to re-open the bankruptcy proceedings and amend the schedules to disclose the claim. See Response and Memorandum in Opposition to Motion for Summary Judgment [Docket No. 30] ¶ 6. On March 4, 2003, Plaintiff did file a Motion for Leave of the Court to Amend the First Amended Complaint [Docket No. 35]. The Court granted the motion by Order filed April 15, 2003 [Docket No. 44], and the Second Amended Complaint adding the Bankruptcy Trustee as a co-plaintiff was filed May 13, 2003 [Docket No. 46].

Meanwhile, Plaintiff also filed a motion in the Bankruptcy proceeding on March 5, 2003 to re-open the case. See Docket No. 9, Cause No. 7 01-17194 MA. An Order granting the motion to re-open was filed March 13, 2003. See Docket No. 11, Cause No. 7 01-17194 MA.

Plaintiff filed amended schedules that included the instant claim as personal property.  See Docket No. 13, Cause No. 7 01-17194.  The Bankruptcy Trustee filed a Notice of Assets and an Notice of Possible Dividends in the bankruptcy proceeding.  See Docket Nos. 22 and 23, Cause No. 7 01-17194 MA.

**DISCUSSION**

Defendants' Motion for Summary Judgment argues that Plaintiff has no standing to bring his claim and that Plaintiff's claim is barred by the doctrine of Judicial Estoppel.  The argument that Plaintiff lacked standing was based on the premise that the Trustee in Bankruptcy was the real party in interest because the claim accrued before Plaintiff filed his bankruptcy Petition, the claim became an asset of the Bankruptcy Estate upon the filing of the Petition, and the real party-in-interest was thus the Trustee in Bankruptcy.  Regardless of the merits of Defendants argument, any prejudice has been cured by the joinder of the Trustee in the Second Amended Complaint.

The argument that Plaintiff's claim is barred by the doctrine of Judicial Estoppel was based on Plaintiff's failure to list the claim as personal property on the Schedule attached to the bankruptcy Petition.  The doctrine of judicial estoppel bars a party from adopting inconsistent positions in the same or related litigation.  BCD Corp. v. Peak Investment, Inc., 119 F.3d 852 (10th Cir. 1997).  "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest."  Coastal Plains, Inc. v. Mims, 179 F.3d 197, 205 (5th Cir. 1999).  It is not clear that the Tenth Circuit recognizes the doctrine of judicial estoppel even in the bankruptcy context.  See BCD Corp. 119 F.3d at 858 (stating that the Tenth Circuit has rejected the doctrine of judicial estoppel as inconsistent with the Federal Rules of Civil Procedure); McGuire v. Continental

3

Airlines, Inc., 210 F.3d 114 (10th Cir. 2000) (stating that Tenth Circuit does not recognize judicial estoppel).  Even in cases in which the Tenth Circuit has implied recognition of the doctrine, the court has required that the party asserting estoppel have made a detrimental change in position in reasonable reliance on the opposing party's conduct.  Paul v. Monts, 906 F.2d 1468, 1474 (10th Cir. 1990).  Estoppel is an affirmative defense upon which Defendants have the burden of proof.  Id.

Defendants have failed to show any detrimental change in reasonable reliance on Plaintiff's conduct in the Bankruptcy proceedings.  Having not been a party to the bankruptcy proceedings, Defendants were not in any way prejudiced by Plaintiff's failure to list the claim as personal property.  Conversely, Plaintiff's creditors may have been prejudiced by Plaintiff's failure to list the instant claim as personal property in his initial schedules in the bankruptcy proceeding and a dismissal of Plaintiff's claims would only further prejudice those same creditors.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment [Docket No. 26] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE